UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

R<span>ICARDO</span> R<span>ICHARD</span>,

        Plaintiff,              Case No. 2:20-cv-190

v.                                        Honorable Paul L. Maloney

M<span>ICHAEL</span> M<span>C</span>L<span>EAN</span>,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains, however, occurred at the Chippewa Correctional Facility (URF)

in Kincheloe, Chippewa County, Michigan. Plaintiff sues URF Grievance Coordinator Michael McLean.

Plaintiff alleges that his use of the prison grievance process was limited by prison officials when he was placed on modified access on October 30, 2019. The next day, October 31, 2019, Corrections Officer Brown (not a defendant) allegedly did not permit Plaintiff to eat his meal and used the same phrases as Corrections Officer Selleck (not a defendant) had used more than a month earlier.[1] In the earlier event, Selleck reported Plaintiff for misconduct, and Plaintiff filed a grievance against Selleck.

Plaintiff sought to file a grievance against Brown, but faced difficulty because he had been placed on modified access. On November 2, 2019, Plaintiff followed MDOC policies for prisoners on modified access and requested a grievance form by kite from Defendant. Receiving no response, Plaintiff again sent a kite to Defendant on November 6, 2019. On November 12, 2019, Plaintiff received Defendant's reply asking for more information of the events before he would provide a grievance form. Plaintiff responded the same day. The next day, November 13, 2019, Defendant rejected Plaintiff's request for a grievance form explaining that Plaintiff's allegations were too vague.

Plaintiff believes that Defendant's conduct is in retaliation to Plaintiff's earlier grievance filed against Defendant. Plaintiff filed a grievance against Defendant on September 25, 2019, because Defendant had warned Plaintiff several times that he may place Plaintiff on modified access. Defendant reviewed and denied that grievance as non-grievable. As described above, Defendant later placed Plaintiff on modified access on October 30, 2019.

---

[1] Plaintiff fails to indicate what specifically Brown and Selleck said.

2

Plaintiff alleges that Defendant's conduct violated rights provided to him by the First and Fourteenth Amendments as well as protections afforded under state law. For relief, Plaintiff seeks declaratory and injunctive relief, compensatory damages in the amount of $100,000, punitive damages in the amount of $50,000, and costs and fees.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. First Amendment

Plaintiff alleges that Defendant retaliated against him and, arguably, obstructed his right to petition the government, both in violation of the First Amendment.

#### A. Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory

4

motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening). In some circumstances, temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

Plaintiff merely alleges the ultimate fact of retaliation. He alleges no facts from which to reasonably infer that Defendant's actions were motivated by any of his protected conduct. He merely concludes that because he filed a grievance against Defendant more than a month beforehand, Defendant's actions must have been motivated by Plaintiff's grievance. The Sixth Circuit, however, has been reluctant to find that temporal proximity between the filing of a grievance and an official's adverse conduct, standing alone, is sufficient to establish a retaliation claim. *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010). This is especially true where, as here, the plaintiff is a prolific filer of grievances, *Coleman v. Bowerman*, 474 F. App'x 435, 437 (6th Cir. 2012) (holding that temporal proximity to the filing of a grievance is insufficient because any adverse action "would likely be in 'close temporal proximity' to one of [the plaintiff's] many grievances or grievance interviews"), or where the temporal gap between the protected conduct at

the adverse action exceeds a month, *see Bey v. Palmer*, No. 16-2790, 2017 WL 2820953, at *2 (6th Cir. May 23, 2017). Plaintiff alleges nothing more than a tenuous temporal proximity between Defendant's conduct and his grievance against Defendant. Such an allegation is insufficient to state a retaliation claim.

### B. Right to Petition Government

Plaintiff arguably alleges that Defendant obstructed his right to petition the government when Defendant failed to provide a grievance form. Plaintiff's right to petition government is not violated by Defendant's failure to process or act on his grievances. The First Amendment "right to petition government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Moreover, Defendant's actions have not barred Plaintiff from seeking a remedy for his grievances. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415-16 (6th Cir. 2014) (citing *N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his pro se invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of

*available* administrative remedies.  *See* 42 U.S.C. § 1997e(a).  If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action.  *See Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470 (6th Cir. 2001).

Even if Plaintiff does possess a constitutional right to file a grievance, Plaintiff has not established in this action that he was ever prevented from filing a grievance.  Placement on modified access does not prohibit an inmate from utilizing the grievance process.  *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445-47 (6th Cir. 2005); *Corsetti v. McGinnis*, 24 F. App'x 238, 241 (6th Cir. 2001).  The inmate may still submit grievances to the grievance coordinator, who reviews the grievance to determine whether it complies with institutional rules regarding the filing of grievances.  There is nothing constitutionally improper about this review process for a prisoner who has demonstrated an inability to properly utilize the grievance process in the past.  Therefore, in light of the foregoing, the Court concludes that Plaintiff has failed to allege facts sufficient to state a First Amendment claim against Defendant.

### IV.     Fourteenth Amendment

Plaintiff further alleges that Defendant violated the Fourteenth Amendment when Defendant rejected Plaintiff's request for a grievance form.  Plaintiff presumably intends to assert a due process claim.

Plaintiff has no due process right to file a prison grievance.  The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure.  *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker,* 128 F. App'x at 445; *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568,

7

569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).

Because Plaintiff has no liberty interest in the grievance process, Defendant's conduct did not deprive him of due process. Accordingly, Plaintiff fails to state a Fourteenth Amendment claim against Defendant.

**V.     State Law Claims**

To the extent that Plaintiff's complaint presents claims under state law, this Court declines to exercise jurisdiction over the state law claims. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp.*, *Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993). In light of the foregoing, the Court will dismiss Plaintiff's state law claims without prejudice.

**VI.    Pending Motions**

Also pending before the Court are Plaintiff's motions seeking appointment of counsel (ECF No. 3) and seeking a preliminary injunction (ECF No. 4).

**A.     Appointment of Counsel**

Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v.*

*Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).  The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances.  In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel.  *See Lavado*, 992 F.2d at 606.  Prior to reviewing the merits of Plaintiff's complaint, the Court carefully considered these factors and determined that the assistance of counsel was not appear necessary to the proper presentation of Plaintiff's position.  Thus, the Court will deny Plaintiff's request for appointment of counsel.

### B. Preliminary Injunction

In light of the Court's dismissal of the complaint on the merits, the Court will deny Plaintiff's motion for preliminary injunctive relief as moot.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court does not certify that an appeal would not be taken in good faith.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from

proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated:   October 22, 2020                              /s/ Paul L. Maloney
                                                       Paul L. Maloney
                                                       United States District Judge